**Verna Louise HOFHINES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 1845.**

Supreme Court of Alaska.

July 16, 1973.

Herbert D. Soll, Public Defender, Anchorage, Dick L. Madson, Asst. Public Defender, Fairbanks, for appellant.

John E. Havelock, Atty. Gen., Juneau, Monroe N. Clayton, Dist. Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, JJ.

OPINION

PER CURIAM.

In this sentence appeal Verna Hofhines contends that the superior court's imposition of a 20-year sentence upon her plea of guilty to the crime of first degree murder was excessive.[1]

The record in the case at bar indicates that appellant Verna Hofhines hired Dennis Ray Anthony to kill her husband LaWayne Hofhines. Appellant and Anthony agreed that the latter was to be paid $5,000 for the killing. Subsequently, appellant's husband was killed. Appellant and Anthony were jointly indicted for the crime of first degree murder. After trial commenced, appellant entered a guilty plea and testified against her codefendant Anthony.[2]

Sentencing proceedings were held after a probation officer conducted a presentence investigation and filed a report which contained both psychiatric and psychological evaluations of appellant. At these proceedings the district attorney recommended a sentence of six years incarceration. Appellant's counsel concurred in this recommendation. On the other hand, the author of the presentence report had recommended imprisonment for a period of 20 years with eligibility for parole at the discretion of the parole board. The superior court committed appellant to the custody of the Commissioner of the Department of Health and Social Services for a period of 20 years,

1. AS 11.15.010 in part provides that:
   A person who, being of sound memory and discretion, purposely, and . . . [with] deliberate and premeditated malice . . . kills another, is guilty of murder in the first degree, and shall be sentenced to imprisonment for not less than 20 years to life.

2. Dennis Ray Anthony was found guilty of first degree murder and received a sentence of life imprisonment.

and further ordered that appellant's eligibility for parole was to be determined by the parole board in its discretion.

Appellant's primary contention in this appeal is that the sentence imposed was excessive "in light of the aid and assistance, given by her to promote the administration of justice." More particularly, appellant argues that the sentencing court overlooked, or gave insufficient weight to, her assistance in bringing about Anthony's conviction of first degree murder. The state does not dispute the fact that appellant substantially assisted it in the prosecution of appellant's codefendant Anthony but contends that in view of all the relevant circumstances the sentence was not excessive.

We have carefully reviewed the record in light of appellant's arguments and have determined that we are unable to conclude that the superior court was clearly mistaken in imposing the sentence it did.[3] Given the gravity of the offense, appellant's primary role in the homicide, and other factors appearing in the presentence report, we think the superior court did give weight to appellant's cooperation in the Anthony prosecution in determining that a 20-year sentence was appropriate.

The sentence imposed is affirmed.

---

3. State v. Chaney, 477 P.2d 441 (Alaska 1970).

Appellant recognizes that AS 11.15.010 fixes a minimum of 20-years imprisonment for first degree murder, and that under AS 11.05.150 the sentencing court may not impose a lesser sentence than is prescribed for first degree murder.

AS 11.05.150 provides:

Except in a case of murder or rape, the court, may, upon conviction, when in its opinion the facts and circumstances make the minimum penalty provided in this title manifestly too severe, impose a lesser penalty, either of a fine or imprisonment or both. When less than the minimum penalty is imposed, the court shall set out the reasons for its action on the record in the case.

Nevertheless, appellant argues that under AS 12.55.080 a portion of the minimum sentence could still be suspended and appellant placed on probation.

AS 12.55.080 provides:

Upon entering a judgment of conviction of a crime, or at any time within 60 days from the date of entry of that judgment of conviction, a court, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence or a portion thereof, and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

Assuming, without deciding, that appellant's statutory analysis is correct, we still conclude that in the case at bar the 20-year sentence was not clearly excessive.